UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. CARLOS FERGUSON,<br><br>    Plaintiff,<br><br>v.<br><br>ROCKWELL HOPP,<br><br>    Defendant.<br>_____/ | No. C 06-1619 SBA (WDB)<br><br>ORDER FOLLOWING RECEIPT OF JULY 11, 2007, LETTER FROM THE LAW OFFICES OF GOLD & ASSOCIATES |

On July 13, 2007, the undersigned received from Robert H. Gold, via Federal Express, a confidential, unsigned letter, with enclosures, dated July 11, 2007, on stationary from the Law Offices of Gold & Associates. This letter, without its enclosures, is attached to this Order.

Mr. Gold is the former counsel for Defendant, Mr. Rockwell Hopp. At a hearing before the undersigned on August 30, 2006, while still representing Mr. Hopp, Mr. Gold advised the Court that after taking possession of the painting at issue in this case, he cut out with pinking shears the portion of the canvas (on the back of the painting) with the signature reading "Carlos Ferguson" — and that he did so in order to facilitate making copies of the signature for purposes of this litigation. Mr. Gold further stated at the August 30, 2006, hearing that, as of that date, the portion of the canvas that he cut out was missing. Now, the primary purpose of Mr. Gold's July 11, 2007, letter appears to be to inform the Court that "[o]n April 16, 2007, [he] found the missing strip of canvas with the '*signature*' of Carlos

Ferguson." (emphasis in original). Having reviewed Mr. Gold's most recent letter and the documents that accompanied it, the Court Orders as follows:

1. It was improper for Mr. Gold to correspond with the undersigned on a confidential basis. The July 11, 2007, letter and its enclosures should have been FILED with the Court, as all unsealed, non-privileged documents are required to be handled, and so that the parties, their counsel, and Magistrate Judge James were made aware of the correspondence and its contents. The letter, which is attached to this electronically filed Order, and the enclosures, which have been filed and served manually, are now deemed FILED.

2. It was also improper for Mr. Gold to send to the undersigned an <u>unsigned</u> version of this July 11, 2007, letter. Indeed, in reviewing the enclosures to the letter, some of which are prior pieces of correspondences between Mr. Gold and various participants to this action, it has become clear that it is Mr. Gold's regular practice not to sign his letters. This, too, is improper. Any future correspondence from Mr. Gold to anyone involved in this action must be <u>signed</u>.

3. In his July 11, 2007, letter Mr. Gold requests that he be included in any future settlement conferences that may take place in this action. The question of who should participate in any future settlement conferences before Magistrate Judge James is a matter committed solely to the discretion of Judge James. The undersigned takes no action on that issue.

4. Finally, **by no later than Monday, July 23, 2007, at 2:00 p.m., <u>Mr. Gold</u>** must deliver <u>in person</u> to the undersigned's chambers, "the missing strip of canvas with the '*signature*' of Carlos Ferguson." July 11, 2007, Letter from R. Gold, page 1 (emphasis in original). To be clear, the Court's order that <u>Mr. Gold</u> must make the delivery "in person" means that Mr. Gold himself must appear. He cannot assign the duty to a messenger, an agent, an associate or any other person. Once received by the Court, the canvas strip will be held in the Clerk's Office vault, where the painting at issue in this

1  action also is being held. The undersigned will take no further action in this matter until
2  the next duly scheduled case management conference, which is set for October 25, 2007,
3  at 1:30 p.m.
4  IT IS SO ORDERED.

Dated: July 13, 2007

　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Wayne D. Brazil
　　　　　　　　　　　　　　　　　　　　　　　　　WAYNE D. BRAZIL
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Copies to: Mr. Robert Gold (via US Mail), parties,
MEJ, WDB, stats

TELEPHONE: (415) 354-5400

LAW OFFICES
**Gold & Associates**
THE RUSS BUILDING
235 MONTGOMERY STREET
SUITE 747
SAN FRANCISCO, CA 94104

FACSIMILE: (415) 354-5405

July 11, 2007

**RECEIVED**

JUL 1 3 2007

WAYNE D. BRAZIL
U.S. MAGISTRATE JUDGE
NORTHERN DISTRICT OF CALIFORNIA

<u>CONFIDENTIAL, Via U.S. Post</u>

Honorable Magistrate Judge Wayne D. Brazil
1301 Clay Street, Suite 400 S
Courtroom 4, 3rd Floor
Oakland, CA 94612-5212

Re: *Carlos Ferguson v. Rockwell Hopp, et al* CASE NO: C 06-1619 (SBA)

Dear Judge Brazil:

This letter is in response to my having socially interacted with Judge Maria-Elena James, after she participated as a speaker at a seminar on Federal Settlement at 450 Golden Gate Avenue in San Francisco on June 20, 2007. I was socially introduced to Judge James, and then presented her with the missing canvas strip. Based on her attached correspondence, I write the letter below.

On April 16, 2007, I found the missing strip of canvas with the "*signature*" of Carlos Ferguson as well as some other writing. It was in my safe deposit box at Bank of the West, inside a small similar-colored canvas pouch, and covered over by a very large gold bracelet and a watch. I never saw the rolled up strip underneath the watch, where I must have placed it about a year earlier.

Your Honor's suggestion at the August 30, 2006, hearing—that I should purchase an office safe—proved to be prescient, as the missing item was located in a bank safe. I am attaching the 2006-2007 records from Bank of the West regarding the number of visits I made to said safe deposit box.

In 2006, I made four visits to my safe deposit box, see attached. It is my belief that I placed the canvas in the box on June 12, 2006, after having made color copies of it (provided to opposing counsel at all times) in preparation for the upcoming early August 2006 depositions of Messrs. Hopp and Ferguson.

I specifically remember going to the box July 13, 2006, driven to the bank by a client/friend, while we were discussing a now settled lawsuit at the end of their business day, when they offered to drive me to my bank before it closed. They impatiently waited in their car, as I hurriedly went inside to collect the strip of canvas--which I could not find amongst some jewelry, copies of Wills, and other personal documents and effects. The bank was near closing time. I did not discuss the issue with anyone.

I explained this loss to your Honor in person, on or about September 15, 2006. I re-checked the box again after Mr. Hopp could no longer afford my services at the end of October, 2006. I only remember this date as it is listed on the enclosed access slips facsimiled to me from my bank.

Letter to Judge Wayne D. Brazil
Ferguson v. Hopp
July 11, 2007
Page 2

      I next and last visited the box on April 16, 2007, when I needed to empty it of some jewelry for personal reasons. I then discovered the missing canvas signature. I immediately contacted Mr. Hopp that evening, or within a day or so, and told him I found the missing canvas strip with the Ferguson "*signature.*" He showed no surprise, as he has seen how disorganized my office was before our late October, 2006 move to a larger space and said, *"I knew it would show up."*

      Please note, that I have never received a letter of representation from any subsequent counsel after Mr. Hopp was forced to replace himself as attorney or record after counsel Snyder did not comply with your honor's order to appear at the next scheduled hearing. I do not know what Mr. Hopp's present relationship is with attorney Andrew Steinheimer. I have only had contact with Mr. Steinheimer on June 29, 2007. He requested said canvas strip and I said it is up to the Court to decide whether it should be impounded with the painting from which it was originally cut.

      Mr. Hopp and I have since agreed that I would remain his private counsel, outside this matter, as we are friendly. Part of that agreement, now somewhat orally in dispute—only in dispute via writing by *opposing counsel Mit Winter*—was my agreement to compromise my already greatly reduced fees, at a long ago point in this frivolous and likely felonious litigation, in exchange for ownership of the painting now in storage at the Federal Courthouse.

      I personally paid out of my own pocket for all the other Carlos Ferguson created exhibits in this matter, when I drove, at my own expense, to Des Moines, Iowa, after attending Mr. Hopp's wedding in Colorado in July, 2006. The above facts have been long well known to all opposing counsels of record, because I told them these facts in telephone conversations as well as some correspondence.

      I am enclosing Judge James' letter of June 25, 2007. As we had no opportunity to discuss the merits of the case, her staff, an easy error, mistakenly failed to notice on the CAND-ECF-docket report *item 43*, that Rockwell Hopp, or the elusive Kevin Snyder, electronically filed a motion to substitute counsel. I believe this was done before I told Mr. Snyder, with Mr. Hopp's permission, that Mr. Hopp has no funds. Regardless, on September 15, 2006, Snyder still promised to personally appear at your next scheduled hearing. I do not know whether it was Mr. Snyder or Mr. Hopp who electronically filed item 43. If I had known Mr. Hopp would have had to appear *Pro Se at that hearing, I may have committed to "specially appear" for him in October 2006 so at least his arguments could be based on statues or case law rather than his personal knowledge of facts.* In hindsight the situation, his *Pro Se* appearance, seems to have been a bit contrived.

      Please note that my office twice searched, and reported to Bingham McCutchen that we could not find the canvas at our offices. I enclose the second letter dated November 2, 2006, after we had moved our offices and searched every *nook and cranny* of the prior suite after it was left unfurnished.

      I also enclose my response correspondence to opposing counsel's continuing efforts to harass my office even after we left this matter, dated December 8, 2006. Only after I filed a Motion to Quash and requested sanctions, did opposing counsel retreat, not wishing the Court to hear the factual basis for requested sanctions.

      It should be noted that to the best of my knowledge, opposing counsel, since dismissing the above subpoena to my office in January, 2007, has <u>never re-requested</u> under the Federal Rules of

Discovery whether or not new information, or new turns of events, such as my finding of the canvas signature strip, have since occurred.

Strategically, and I believe under the Federal Rules of Evidence, it is plaintiff's responsibility to periodically update its discovery requests. This is especially true given how long Plaintiff has drawn out the settlement conference process for reasons unknown.

I did hear directly from Mr. Hopp that all settlement proposals from Plaintiff's counsel include the release of the painting now in Federal storage, *into their* hands. I believe the painting to be my property. Following the Court's direction, it was marked as my property before placing it in Federal storage, see transcript for September 15, 2006 hearing.

I humbly offer that my subsequent ownership of said painting gives me standing to at least be included in the settlement conference process. It is now scheduled to resume on either August 24 or August 27, 2007.

I believe my presence, and most complete knowledge of events, would actually conclude this matter rather than further litigation. I am the longest-serving and most intimate fact gatherer attorney participant in this case. I would also humbly request that the settlement conference take place at the Oakland Courthouse, in the presence of the painting, and at a time when you yourself would be available somewhere in the Courthouse to answer questions of law from either Plaintiff or Defendant. Obviously Judge James is qualified to do so, but her impartiality may be inferred to be marred by answering some particular inquires. Also the sitting jurist may have to decide whether the matter needs to be stayed and transferred to the Assistant Attorney General's Office for further investigation.

Therefore, I also include a copy from the art catalogue of what Plaintiff's have claimed to be the original Carlos Ferguson "painting" from which the painting in storage and in question was allegedly copied. Attached is the exact same picture via an "Andy Warhol" like process of only adjusting the copier's color hue selections, such as more yellow or magenta, on a color copy machine at my local Kinko's. There is no other deviation. It is an interesting process to behold given the painting in storage's appearance, a photocopy of which is also enclosed.

Please instruct me as to how you would like me to proceed regarding my present possession of the canvas signature strip. If invited to the next settlement conference, I believe I can shed fact based light (via documentation, not conjecture or speculation) on the instant matter. Lastly, I believe my *signature*/agreement, as the present owner, may be needed on any final agreement. The canvas strip is fragile and important evidence as to whose hand actually "signed" Carlos Ferguson. It may not be signed by either Plaintiff or Defendant as "Carlos Ferguson."

I close with my sincerest apologies to the Court for a mistake that has much to do with a faulty memory. I was unprofessionally, mentally distracted by the actions of opposing counsel, in what has been one of the most hateful, malicious, wanton and reckless litigation efforts I have experienced in over ten years. This is especially true given the lack of Plaintiff's factual investigation before filing their complaint and their knowledge regarding the relevant law.

I look forward to receiving the Court's direction, and pray for forgiveness regarding my mistake in the instant matter. As Mediation does not close discovery, hopefully no harm has occurred,

Letter to Judge Wayne D. Brazil
Ferguson v. Hopp
July 11, 2007
Page 4

and the true originator of the signature (whether it be Mr. Hopp, Mr. Ferguson, Mr. Hopp's agent for purchase to the original purchaser, Mr. Taylor/Tyler, or Ms. Kohn) can be ascertained.

Mr. Ferguson testified under oath he had extensive telephone communications across the globe with Ms. Kohn, before any claim was brought against Mr. Hopp by Ms. Kohn. Although Ms. Kohn was fully reimbursed, she refused to relinquish the canvas until Gold & Associates threatened a police complaint, and then only under certain circumstances, see attached letter, which was copied to the original opposing counsel at the time of its writing. Ms. Federer no longer works for Bingham McCutchen; she is now a clerk at the Ninth Circuit, where her accuracy and honesty is taken for granted.

Lastly, I apologize regarding this letter's delay. I have been kept out of the office much of the past week by a combination of Court Appearances, personal illness regarding a "flare-up" of a chronic disability, and, not to be unprofessional, but I am a single male and suddenly had to have the vet put down my 13 year old Sheppard. It is my understanding from Mr. Steinheimer on June 29, 2007 there has been little movement in settling this case since the last Settlement Conference in mid June, 2007 and minimum action between the parties in this "summer vacation" period until next conference in late August.

Very truly yours,


Robert H. Gold

Dictated, read, and approved by Robert H. Gold, but not signed to prevent delay.


Enclosures