BINGHAM McCUTCHEN LLP
BETH H. PARKER (SBN 104773)
AARON SCHUR (SBN 229566)
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: 415.393.2000
Fax: 415.393.2286
beth.parker@bingham.com
aaron.schur@bingham.com

Attorneys for Plaintiff J. Carlos Ferguson

ELLIS, COLEMAN, LA VOIE & STEINHEIMER, LLP
MARK E. ELLIS (SBN 127159)
ANDREW M. STEINHEIMER (SBN 200524)
555 University Ave #200
Sacramento, California 95825
Telephone: 916.283.8820
Fax: 916.283.8821
mellis@ecplslaw.com
asteinheimer@ecplslaw.com

Attorneys for Defendant Rockwell Hopp

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J. CARLOS FERGUSON,<br><br>    Plaintiff,<br><br>v.<br><br>ROCKWELL HOPP; DOES 1 through 10, inclusive,<br><br>    Defendants. | No. C 06-01619 WDB<br><br>**CONSENT DECREE** |

## I. INTRODUCTION

This action, entitled *J. Carlos Ferguson v. Rockwell Hopp*, 06-01619 WDB, was brought by Plaintiff J. Carlos Ferguson against Defendant Rockwell Hopp in the United States District Court for the Northern District of California ("Federal Court Action"). In the Federal Court Action, Mr. Ferguson alleges against Mr. Hopp claims of copyright infringement, infringement of Mr. Ferguson's right of attribution, commercial misappropriation of Mr. Ferguson's name, and unfair competition under state and federal laws. The parties, through their respective counsel, have agreed to the entry of this Consent Decree ("Decree"), have agreed that this

Decree does not constitute evidence or admission of liability of any party as to any issue of law raised by the Complaint, and have further agreed to waive findings of fact and conclusions of law raised by the Complaint.

The Court having been fully advised and informed of the facts and circumstances, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## II. INTERPRETATION

This Decree is entered into as a settlement of an existing dispute between the parties as to whether Mr. Hopp infringed Mr. Ferguson's copyright, infringed Mr. Ferguson's right of attribution, commercially misappropriated Mr. Ferguson's name, and/or engaged in unfair competition with Mr. Ferguson under state and federal laws.

By entering into this Decree, Mr. Hopp does not admit to any infringement, commercial misappropriation, unfair competition, or failure to comply with any other applicable laws, all of which is denied.

Mr. Ferguson shall seek no further relief for the acts, practices, or omissions alleged in his Complaint except to enforce the provisions of this Decree thereby, to the extent permitted by law, waiving the right to seek further relief on the causes of action alleged in the Complaint.

Mr. Ferguson agrees that this Decree is fully binding, to the extent permitted by law. Mr. Hopp agrees that this Decree is fully binding on him, and on each of his businesses and employees, present and future, including but not limited to SENSE Fine Art and any employees thereof.

The only obligations of this Decree are those explicitly stated herein.

## III. ENFORCEMENT & JURISDICTION

A. This Decree shall be in effect from the date that it is entered. This Decree does not impose any obligations on Mr. Hopp with regard to any artwork sold before the effective

date of this Decree and does not provide any rights to purchasers of artwork from Mr. Hopp related to sales completed before the effective date of this Decree.

    **B.** The United States District Court for the Northern District of California shall retain jurisdiction over any dispute related to this Decree.

    **C.** Failure to comply with this Decree shall constitute contempt of court. If Mr. Hopp fails to comply with the terms of this Decree, in addition to any other remedies available by law, Mr. Ferguson shall have the right to file a motion for contempt of court.

    **D.** Prior to filing a motion for contempt of court, Mr. Ferguson shall notify Mr. Hopp of the alleged failure to comply with the terms of this Decree and allow Mr. Hopp 15 days of such notice to comply with the Decree. Provided, however, that if Mr. Hopp twice is provided notice under this provision, and twice cures failures to comply with the terms of this Decree, then Mr. Ferguson shall no longer be required to notify Mr. Hopp of any future alleged failure to comply with the terms of this Decree, prior to filing a motion for contempt of court.

## IV. AUTHENTICATION OF ARTWORK

    **A.** Mr. Hopp shall provide a certificate of authenticity to each and every purchaser of any piece of art sold by Mr. Hopp.

    **B.** Each certificate of authenticity for each piece of art shall, at a minimum, contain:

        1. the name of the creator of the artwork;

        2. the title of the artwork;

        3. a brief description of the medium of the purchased artwork;

        4. the original signature of the creator of the artwork.

    **C.** In addition to the minimum requirements listed in Subsection B above, each certificate of authenticity shall also contain at least one of the following two elements:

        1. a notarized affidavit from the creator of the artwork attesting that they are the creator of the artwork described in the certificate of authenticity; or

    2.  a photograph of the artwork, bearing the original signature of the creator of the artwork.

  **D.**  In the event that a piece of art offered for sale by Mr. Hopp has no known creator or the artist is inaccessible to Mr. Hopp, then in lieu of a certificate of authenticity, Mr. Hopp shall provide sufficient details regarding his acquisition of the piece of art to allow confirmation of such acquisition. For any piece of art subject to this provision, Mr. Hopp shall provide, at a minimum, the date he acquired the piece, the name of the business, individual, or other entity from whom he acquired the piece, the name of his contact from such business, individual, or entity, and the telephone number and address for any such business, individual, or other entity.

  **E.**  Mr. Hopp shall provide a mechanism for each and every purchaser of any piece of art that Mr. Hopp sells to contact the creator of the piece of art that is sold to confirm the provenance of the piece of art that they have purchased and/or ask questions of the artist regarding the piece of art that they have purchased. This mechanism shall be provided as follows:

    1.  If the creator of the artwork, upon request by Mr. Hopp, permits Mr. Hopp to release their contact information, Mr. Hopp shall provide such contact information to the purchaser upon request.

    2.  If the creator of the artwork does not, upon request by Mr. Hopp, permit Mr. Hopp to release their contact information, then Mr. Hopp shall deliver any communications from the purchaser to the creator of the artwork, and deliver any communications from the creator of the artwork, to the purchaser.

    3.  Mr. Hopp does not guarantee that the creator of the artwork will respond to any communications and cannot be held liable under this Decree for the failure or refusal of any artist to respond to a communication from a purchaser whether made directly to the creator of the artwork or through Mr. Hopp.

## V. NOTICE TO THE PUBLIC

A. Within 10 days of the effective date of this Decree, Mr. Hopp shall post on the premises of SENSE Fine Art, or any other present or future place of business he maintains for the purpose of selling art to the public, a notice that informs prospective customers, clients, and purchasers that they will receive the certificate of authenticity described in Section IV for any piece of art purchased after the effective date of this Decree.

B. The notice described in Section V.A shall be conspicuously located in Mr. Hopp's business premises in such a way that it will be readily observable and readable to any individual that enters the premises.

C. Mr. Hopp shall conspicuously post on any website under his control that he uses to sell any piece of art, including without limitation the website for SENSE Fine Art currently located on the internet at http://www.sensefineart.com/, a notice that informs prospective customers, clients, and purchasers, that they will receive the certificate of authenticity described in Section IV.

## VI. NOTICE TO ARTISTS

A. Within sixty (60) days of the effective date of this Decree, Mr. Hopp shall provide a copy of pages 1 through 6 of this Decree to each and every artist he represents at the time of entry of this Decree, and shall present copies of the acknowledgements of receipt signed by these artists, described below in Section C, to Mr. Ferguson's counsel for review.

B. For a period of five (5) years after the effective date of this Decree, Mr. Hopp shall also provide a copy of pages 1 through 6 of this Decree to each and every artist that he represents during the five (5) year period.

C. Upon receipt of this Decree, each artist represented by Mr. Hopp shall sign an acknowledgment of receipt, stating that they have received a copy of pages 1 through 6 of the Decree.

D. For a period of two (2) years after the effective date of this Decree, every six (6)

1   months, commencing at the effective date of this Decree, Mr. Hopp shall present to Mr.
2   Ferguson's counsel for review, copies of any acknowledgements of receipt signed by artists he
3   has come to represent, to the extent that Mr. Hopp has not already provided such
4   acknowledgements pursuant to Section A above. For a period of five (5) years after the effective
5   date of this Decree, Mr. Hopp and/or his counsel shall retain each signed acknowledgement of
6   receipt, and upon demand, present it to Mr. Ferguson's counsel for review within thirty (30) days
7   after receipt of any such request by Mr. Ferguson's counsel.

8       E.   Any information about artists represented by Mr. Hopp that Mr. Ferguson or his
9   counsel learn as a result of the provisions of Section VI, including but not limited to their name,
10   shall be kept strictly confidential by Mr. Ferguson and his counsel and shall not be disclosed to
11   any third parties and shall only be used by Mr. Ferguson or his counsel for the purpose of
12   enforcing this Consent Decree, if necessary, and not for any other purpose. In the event that Mr.
13   Ferguson files a claim for contempt of court for violation of this Decree, Mr. Hopp shall provide
14   any requested acknowledgements of receipt to Mr. Ferguson or his counsel for adjudication of
15   Mr. Ferguson's claim. Any such acknowledgements must be returned to Mr. Hopp following the
16   adjudication of the claim and any copies destroyed. Should any party attempt or desire to file
17   any acknowledgement with the Court, such acknowledgement must be filed under seal.

| | | |
|---|---|---|
| 1 | DATED: December 14, 2007 | BINGHAM McCUTCHEN LLP |
| 2 | | |
| 3 | | By: _____ |
| | | Aaron Schur |
| 4 | | Attorneys for Plaintiff J. Carlos Ferguson |
| 5 | DATED: December 20, 2007 | ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP |
| 6 | | |
| 7 | | By: _____ |
| | | Andrew Steinheimer |
| 8 | | Attorneys for Defendant Rockwell Hopp |
| 9 | | |
| 10 | | |
| 11 | IT IS SO ORDERED: | |
| 12 | DATED: 1/11/2008, 2007 | By: _____ |
| 13 | | United States District Court Judge |
| | | Magistrate |